IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **Christine Faller**, | : | Case No. 1:08-cv-392 |
| Plaintiff, | : | Chief Judge Susan J. Dlott |
| v. | : | ORDER GRANTING |
| | : | MOTION TO DISMISS |
| **Children's Hospital Medical Center**, | : | |
| Defendant. | : | |

This matter comes before the Court on the Motion to Dismiss of Children's Hospital Medical Center ("CHMC") (doc. 8), Plaintiff's Response in Opposition (doc. 10), and Defendant's Reply in Support (doc. 12). For the reasons that follow, the Court **GRANTS** Defendant's Motion to Dismiss.

## I. BACKGROUND

Plaintiff was hired by Defendant, Children's Hospital Medical Center (CHMC), in July 2003 as a registrar in the admitting office. Beginning in December 2003, Plaintiff missed several days of work due to her illness or the illness of her daughters. CHMC terminated Plaintiff on September 3, 2004 for excessive absenteeism.

Plaintiff claims that CHMC terminated her employment to prevent her from obtaining and using medical insurance benefits and in retaliation for her complaints about Defendant's discriminatory acts toward others. She brings claims under the federal Employee Retirement Income Security Act ("ERISA"), Ohio's civil rights act, and Ohio common law. CHMC has moved to dismiss the amended complaint.

## II. LEGAL STANDARD

1

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing a motion to dismiss, a court "must read all well-pleaded allegations of the complaint as true." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997) (citing *Bower v. Federal Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996)). In addition, a court must construe all allegations in the light most favorable to the plaintiff. *Bower*, 96 F.3d at 203 (citing *Sinay v. Lamson & Sessions*, 948 F.2d 1037, 1039 (6th Cir. 1991)).

In the aftermath of the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), the Sixth Circuit has explained that a plaintiff's allegations, while "assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). Moreover, the plaintiffs' "obligation to provide the 'grounds' of their entitlement to relief requires more than labels and conclusions or a formulaic recitation of the elements of the cause of action." *Id*. "To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Id*.

### III. ANALYSIS

#### A. ERISA Interference Claim

CHMC argues that Plaintiff's ERISA interference claim fails to state a claim upon which relief can be granted because it does not meet the pleading standard articulated by the Supreme Court in *Bell Atlantic v. Twombly*, 127 S. Ct. 1955 (2007). Echoing *Twombly*, the Sixth Circuit stated in an ERISA case that "[c]onclusory allegations or legal conclusions masquerading as

2

factual allegations will not suffice. Even under Rule 12(b)(6), a complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient." *Bishop v. Lucent Technologies*, 520 F.3d 516 (6th Cir. 2008). To state a claim under § 510 of ERISA, Plaintiff must allege both prohibited conduct and that the conduct was engaged in with the specific intent of violating ERISA. *See Helfrich v. Metal Container Corp.*, No. C2-00-1339, 2001 WL 605073 at *3 (S.D. Ohio May 15, 2001) (dismissing plaintiff's ERISA § 510 claim). According to CHMC, Plaintiff has not provided any "plausible ground" from which to infer that her discharge was motivated by a specific intent to interfere with the attainment of future benefits under ERISA.

Plaintiff responds that her allegation that CHMC was aware of her and her daughter's existing medical conditions and that it terminated her to prevent her from availing herself of benefits under the plan is sufficient to withstand a motion to dismiss. Plaintiff notes that the cases on which CHMC relies address motions for summary judgment, not motions to dismiss, and that at this stage in the litigation she does not have to establish a prima facie case. (Doc. 10 at 4 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002))).

The Court agrees with Defendant that the factual allegations in the amended complaint do not rise above a merely speculative level. Plaintiff has alleged little more than the elements of the claim. Most significant, Plaintiff has not alleged, in other than a conclusory fashion, that Defendant engaged in the allegedly prohibited conduct with the specific intent of violating ERISA, and such an allegation is required to state a claim under ERISA. *See Helfrich*, 2001 WL 605073 at *3 (citing *Roush v. Weastec, Inc.*, 96 F.3d 840, 845 (6th Cir. 1996)). While Plaintiff is not required to establish a prima facie case at the pleading stage, she must set forth the grounds

3

for her entitlement to relief. She has not done so here. Accordingly, Plaintiff's ERISA claim is dismissed with prejudice.

**B. State Law Claims**

The Court has original jurisdiction over this action because the amended complaint alleges a cause of action under ERISA. The Court does not have diversity jurisdiction as provided in 28 U.S.C. § 1332 because complete diversity is lacking between the parties–both Plaintiff and CHMC reside in Ohio. Because Plaintiff's ERISA claim fails, the Court no longer has original jurisdiction and it declines to exercise supplemental jurisdiction over the pendent state law claims. *See* 28 U.S.C. § 1367(c)(3). Accordingly, Plaintiff's state law claims are dismissed without prejudice.

**IV. CONCLUSION**

For the foregoing reasons, Defendant Children's Hospital Medical Center's Motion to Dismiss (doc. 8) is **GRANTED WITH PREJUDICE** as to Count One of the Amended Complaint and **GRANTED WITHOUT PREJUDICE** as to Counts Two and Three (misnumbered Four) of the Amended Complaint.

IT IS SO ORDERED.

   s/Susan J. Dlott           
Chief Judge Susan J. Dlott
United States District Court